IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 2000 Session

**STATE OF TENNESSEE v. JOSEPH E. SUGGS**

**Appeal from the Criminal Court for Davidson County**
**No. 99-B-1054   J. Randall Wyatt, Jr., Judge**

---

**No. M1999-02136-CCA-R3-CD - Filed October 4, 2000**

---

Defendant, Joseph E. Suggs, pled guilty to three counts of child rape, for which he received three consecutive 25-year sentences.  On appeal, the defendant raises two issues: 1) whether the trial court erred by imposing the maximum sentence for each count; and 2) whether the trial court erred by imposing consecutive sentences on all counts.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JERRY L. SMITH, J., AND L. TERRY LAFFERTY, SR. J., joined.

Karl Dean, District Public Defender; Jonathan F. Wing (at hearing and on appeal) and Jeffrey A. DeVasher (on appeal), Assistant District Public Defenders, Nashville, Tennessee, for the appellant, Joseph E. Suggs.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Helen Donnelly, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant, Joseph E. Suggs, was indicted on five counts of child rape and nine counts of aggravated sexual battery. He pled guilty to three counts of child rape and received three consecutive 25-year sentences.  The defendant challenges the length of the sentences and the decision of the trial court to run them consecutively.  We affirm the judgment of the trial court.

**FACTS**

In January 1999, a videotape was given to police by a third party citizen. The videotape showed the defendant engaging in multiple acts of child rape and aggravated sexual battery with his eight-year-old male cousin. A subsequent search of the defendant's home turned up extensive pornographic material and equipment for making pornographic material.

When police interviewed the defendant about the videotape, the defendant admitted he was the person committing the crimes in the video. The defendant was subsequently arrested and indicted on nine counts of aggravated sexual battery and five counts of child rape.

In a plea agreement the defendant agreed to plead guilty to three counts of rape of a child with the sentence to be determined by the trial court. In return the remaining eleven counts were dismissed. The defendant was ultimately sentenced to three consecutive 25-year sentences. Having been found to be a "child rapist" within the definition of Tenn. Code Ann. § 39-13-523(a)(1), the defendant was ordered to serve 100% of the 75-year sentence. *See* Tenn. Code Ann. § 39-13-523(b).

**LENGTH OF SENTENCES IMPOSED**

The defendant contends that the trial court erred by imposing the maximum sentence for each count of child rape. The defendant contends that the trial court erred by not considering several mitigating factors set forth in Tenn. Code Ann. § 40-35-113; by considering an enhancement factor not set forth in Tenn. Code Ann. § 40-35-114; and by starting in the middle of the sentencing range when it began to apply the enhancement and mitigating factors. We respectfully disagree.

A.      Standard of Review

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments.

B.      Analysis: Mitigating Factors

The defendant contends that the trial court failed to consider as a mitigating factor that the defendant's conduct did not cause nor threaten serious bodily injury. *See* Tenn. Code Ann. § 40-35-113(1). This court has previously said that it "is difficult to conceive of any factual situation where the rape of a child would not threaten serious bodily injury." State v. Edward Earl Huddleston, No. 02C01-9706-CC-00228, Gibson County (Tenn. Crim. App. filed February 20, 1998, at Jackson), *perm. to appeal denied* (Tenn. October 19, 1998). A review of the record, including the videotape

made by the defendant, shows the child crying after one of the rapes. The trial court properly rejected this mitigating factor.

The defendant also contends that his guilty plea was a sign of remorsefulness in that he accepted responsibility for his actions. The defendant argues that the trial court failed to consider this in mitigation. A review of the sentencing record, however, indicates otherwise. The trial court recognized that "[the defendant was] probably sorry that he had this situation develop." The trial court did consider the defendant's remorsefulness, but chose to give it no weight. This was within the trial court's discretion and does not require a reduced sentence.

The defendant also contends that the trial court failed to consider the defendant's college education, family support, and work history. A review of the sentencing record, however, indicates that the trial court did consider the defendant's education and family support, but gave them no weight. While the trial court did not specifically mention the defendant's work history, it is apparent the trial court gave no weight to the work history. Again, this was within the trial court's discretion and does not require a reduced sentence.

C.    Analysis: Enhancement Factors

The defendant contends that the trial court erred by considering an enhancement factor not set forth in Tenn. Code Ann. § 40-35-114. Specifically, the defendant contends that the trial court improperly considered the videotape as an enhancement factor. A review of the sentencing record shows that the trial court made several comments about the offensive nature of the videotape, but does not indicate that the trial court used the videotape as an actual enhancement factor. The trial court simply made reference to the videotape as it revealed the horrifying nature and circumstances of the offenses. This issue is without merit.

D.    Analysis: Length of Sentence

The trial court applied the following enhancement factors: 1) a similar prior sexual offense committed in 1987; 2) the present crimes were committed to gratify the defendant's desire for pleasure or excitement; and 3) the defendant abused a position of private trust. *See* Tenn. Code Ann. § 40-35-114(1), (7) and (15). The defendant does not take issue with their application; thus, the trial court properly applied three enhancement factors. The trial court gave no weight to the miscellaneous mitigating factors. The weight given to mitigating and enhancing factors is left to the sound discretion of the trial court. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986). We are unable to conclude that the trial court abused its discretion in assessing the maximum 25-year sentence for each offense.

The defendant also contends that the trial court should have started at the bottom of the sentencing range and not the middle when it determined the defendant's sentence. The defendant argues that he pled guilty to counts which alleged the crimes were committed "in 1994 or 1995." As such, the defendant contends that Tenn. Code Ann. § 40-35-210 as it existed before being

-3-

amended on July 1, 1995, controls. *See* Tenn. Code Ann. § 40-35-210 (c)(1990). That statute provided that the presumptive sentence was the minimum sentence. *Id.* The trial court did state, however, that "whatever [the starting point for sentencing is] ... whether it starts at the bottom or at the middle ... [this case is a case that] ... goes to the top." Given the discretion of the trial court in determining the weight to be assigned to the mitigating and enhancement factors, and the trial court's recognition that the maximum sentences were appropriate if the presumptive sentence were 15 years, this court does not find that the trial court erred in imposing the maximum sentences allowed. This issue is without merit.

## CONSECUTIVE SENTENCING

The defendant contends that the trial court erred by imposing consecutive sentences on all counts. The trial court, however, found the defendant qualified for consecutive sentencing under Tenn. Code Ann. § 40-35-115(b)(5):

> the defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims.

First, the defendant argues that there are no aggravating circumstances arising from the relationship between the defendant and the victim. The defendant was entrusted with the care of the victim, who was his cousin. Instead of properly caring for the child, he abused his position of trust and subjected the child to horrific sexual abuse. This factor weighs in favor of consecutive sentencing.

The defendant also argues that there was no evidence of the duration of the defendant's crimes. While there was no definitive evidence indicating that the defendant's crimes took place over a prolonged period, there was an indication that the crimes took place on more than one occasion. In a letter to the judge, entered as exhibit 2 at the sentencing hearing, the defendant states "I made the videotape in an effort to stop subjecting the child to my abuse." The facts stated at the guilty plea hearing related the events occurred in "1994 and 1995." Thus, the record sufficiently establishes that the abuse was not an isolated event.

As to the nature and scope of the sexual acts, the defendant contends that he did not use force, coercion, or threats in the perpetration of the crime. In reviewing the videotape, however, one could reasonably conclude that the child was not a willing victim. The sexual acts depicted on the videotape are nothing short of abhorrent. This factor weighs heavily in favor of consecutive sentencing.

As to residual, physical and mental damage to the victim, a clinical therapist testified that the victim has an identity problem, wonders if he is homosexual, has trouble sleeping, clings to his mother and is unusually concerned about the safety of his loved ones. According to the clinical therapist, the harmful effects of the sexual abuse are likely to be permanent. This factor weighs in favor of consecutive sentencing.

The decision of whether prison terms are to be consecutive or concurrent is left to the sound discretion of the trial court. State v. Adams, 973 S.W.2d 224, 230-31 (Tenn. Crim. App. 1997). The trial court found that the Tenn. Code Ann. § 40-35-115(b)(5) criteria for consecutive sentences were met. We see no abuse of discretion here.

## CONCLUSION

We conclude that the trial court did not err in the length of the sentences it imposed, nor in requiring the three sentences to run consecutively. The judgment of the trial court is affirmed.

_____
JOE G. RILEY, JUDGE